[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2010
JOHN LEY
CLERK

No. 09-15529
Non-Argument Calendar

_____

D. C. Docket No. 06-60317-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YVETTE SCOTT PATTERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 3, 2010)

Before BIRCH, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Randee J. Golder, appointed counsel for Yvette Scott Patterson in this direct criminal appeal, moves to withdraw from further representation of Patterson. Golder has filed a brief arguing that the appeal lacks merit, in accordance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). Patterson also filed a brief with this Court asking for a reduction in sentence. After independent review of the entire record, we agree with Golder that the appeal lacks merit.

Patterson pleaded guilty to Counts 1 and 23 of the 47 counts charged in the indictment in exchange for dismissal of the remaining counts. During the plea colloquy, the district court questioned Patterson to ensure that the plea was entered knowingly and voluntarily, in compliance with Federal Rule of Criminal Procedure 11(b)(1). Although there were some technical defects in the colloquy, the "core concerns" that Patterson was choosing to plead voluntarily, that she understood the nature of the charges, and that she understood the consequences of her plea, were adequately addressed. See United States v. Monroe, 353 F.3d 1346, 1354 (11th Cir. 2003). We conclude that Patterson knowingly and voluntarily entered into the plea agreement.

The plea agreement contained a provision waiving Patterson's right to appeal her sentence. The district court specifically questioned Patterson about the waiver, and we are satisfied that Patterson understood the significance of the right

she was waiving and that she waived it voluntarily.  We conclude that the waiver is enforceable.  See United States v. Bushert, 997 F.2d 1343, 1350–51 (11th Cir. 1993).

Although Patterson waived her right to appeal her sentence, we mention that the district court followed the government's recommendation and sentenced her below the United States Sentencing Guidelines range for her offenses.  The guidelines range for Count 1, combined with the mandatory, consecutive term for Count 23, placed Patterson's recommended imprisonment range at 94 to 108 months.  She received a sentence of 70 months imprisonment.

Our independent review of the record reveals no arguable issues of merit.  Golder's motion to withdraw is **GRANTED**, and Patterson's conviction and sentence are **AFFIRMED**.